## EMILY N. TURNER et al. *v.* S. H. TURNER.

A part of the heirs cannot claim to be put in possession of the entire estate, to the exclusion of the other heirs, on the ground that the latter were indebted to the deceased at the time of his death, in an amount exceeding their share in the succession.

APPEAL from the Second District Court of New Orleans, *Lea*, J. *Mott* and *Frayser*, for plaintiffs. By the court:

ROST, J. The plaintiffs, who, with their brothers, the defendants, are the heirs at law of *Edward D. Turner*, claim to be put in possession of his entire estate as owners, to the exclusion of their co-heirs, on the ground that the latter were each indebted to *Edward D. Turner*, at the time of his death, in amounts far exceeding their share in his succession; and that this indebtedness has extinguished all right they might have in his estate.

The defendants made no defence, and after an *ex parte* hearing on the judgment by default, the district court nonsuited the plaintiffs.

This action has nothing to rest upon. The title of the heirs is in no manner affected by the amount of their indebtedness to the succession, however large it may be; and the balance for or against them can only be ascertained by a partition made in due form. It is not true, in point of fact, that the indebtedness of each of the three defendants exceeds the value of their share in the succession. One of them is entitled to a large balance, which must be allowed him by attribution when the partition is made.

The homologation of the account of the administrator is binding upon the heirs, so far as he is concerned; but it was no part of his duty, nor had he authority, to make a partition between them; and the distribution indicated by him must be viewed as a mere memorandum, forming no part of the account he was bound to render, and not covered by the judgment of homologation. See *Mylne Asylum* v. *Orphan Boys' Asylum et al.* 7th Ann.

The judgment is affirmed, with costs.